# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 7, 2013

## STATE OF TENNESSEE v. JAMES A. LAMBERT

**Appeal from the Circuit Court for McNairy County**
**No. 2863    J. Weber McCraw, Judge**

---

**No. W2012-01681-CCA-R3-CD  - Filed June 14, 2013**

---

Appellant, James A. Lambert, was indicted by the McNairy County Grand Jury for rape of a child, two counts of aggravated sexual battery, attempted aggravated sexual battery, and incest. After a jury trial, Appellant was convicted of rape of a child, incest, and aggravated sexual battery. One count of aggravated sexual battery and one count of attempted aggravated sexual battery were later dismissed. As a result of the convictions, Appellant was sentenced to an effective sentence of twenty-five years at 100 percent. Appellant challenges the sufficiency of the evidence on appeal. After a review of the record and applicable authorities, we determine that the evidence was sufficient to support the convictions. Accordingly, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Rickey W. Griggs, Somerville, Tennessee, for the appellant, James A. Lambert.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Michael Dunavant, District Attorney General; and Bob Gray, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

The facts that gave rise to the indictment herein occurred when the victim, Appellant's daughter,[1] was twelve years of age. At the time, the victim lived with Appellant and her grandmother.

In March or April of 2010, the victim was watching television with Appellant. He told her to go get a glass of milk. When the victim returned from the kitchen, Appellant was sitting on the couch under a blanket. Appellant lifted the blanket and exposed himself to the victim. She could see that his underwear was down around his ankles. Appellant told the victim to "suck" his private. The victim explained that Appellant put his private in her mouth while her grandmother was cooking dinner in the kitchen. The victim was told to stop when her grandmother informed them that dinner was ready. The victim stated that her grandmother could not see the living room from the kitchen.

According to the victim, one night during May of 2010 while she was in the sixth grade, she dragged her mattress to the living room to sleep. The victim slept in her underwear on the mattress. The victim was awakened in the middle of the night by Appellant. He was removing her clothing. The victim knew that it was morning but described it as still dark outside. Appellant removed her underwear. The victim could see her father's "private." He instructed her to "ride him," then picked her up and had her sit on his waist. Appellant was lying on his back at the time and ordered the victim to wrap her legs around him and "slide" back and forth. The victim explained that her "front private" was touching his "front private." After five to ten minutes, the victim stated that "white, gooey stuff" came out of Appellant's private. He instructed her to get a paper towel to clean up the gooey stuff.

Sometime later, the victim told her cousin about the incidents. The victim also talked to a police officer and was interviewed by someone at the Child Advocacy Center. As a result of her statements, Appellant was arrested and subsequently indicted by the McNairy County Grand Jury in October of 2011 with rape of a child, two counts of aggravated sexual battery, attempted aggravated sexual battery, and incest.

At trial, the victim testified about the incidents leading up to the indictment. She had lived with her father and grandmother since the age of five. At the time of trial, the victim was living with her mother and stepfather. The victim acknowledged that she did not tell the interviewer at the Child Advocacy Center everything that had happened because she was scared.

---

[1] It is the policy of this Court to refrain from using the names of child victims of sexual offenses.

At the conclusion of the proof, the jury found Appellant guilty of rape of a child, incest, and one count of aggravated sexual battery. The State dismissed one count of aggravated sexual battery and one count of attempted aggravated sexual battery.

At a separate sentencing hearing, the trial court sentenced Appellant to twenty-five years for rape of a child, ten years for aggravated sexual battery, and five years for incest. The sentences for rape of a child and aggravated sexual battery were ordered to be served at 100 percent. The incest conviction was ordered to be served at thirty percent. Appellant's total effective sentence is twenty-five years.

*Analysis*

On appeal, Appellant claims that the evidence is insufficient to support his convictions. Specifically, he claims that the victim had "questionable credibility" and the proof did not "rise to the level of sustaining a conviction." The State, on the other hand, contends that any inconsistencies or contradictions in the testimony were resolved by the jury in favor of the State and, therefore, are not at issue herein.

To begin our analysis, we note that when a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally deemed with a presumption of innocence, the verdict of guilty removes this presumption and replaces it with one of guilt. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997); *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.*

The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given

to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).

The guilt of a defendant, including any fact required to be proved, may be predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *See State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). Even though convictions may be established by different forms of evidence, the standard of review for the sufficiency of that evidence is the same whether the conviction is based upon direct or circumstantial evidence. *See State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011). As such, all reasonable inferences from evidence are to be drawn in favor of the State. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978); *See Tuggle*, 639 S.W.2d at 914.

Tennessee Code Annotated section 39-13-522 states, "Rape of a child is the unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if the victim is more than three (3) years of age but less than thirteen (13) years of age." "Sexual penetration" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body [.]" T.C.A. § 39-13-501(7).

Aggravated sexual battery was defined as "unlawful sexual contact with a victim by the defendant or the defendant by a victim" and the victim is younger than thirteen years old. T.C.A. § 39-13-504. "'Sexual contact' includes the intentional touching of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification."

Lastly, incest occurs when a person "engages in sexual penetration as defined in § 39-13-501, with a person, knowing the person to be, without regard to legitimacy:

(1) The person's natural . . . child . . . ."

Viewing the evidence in a light most favorable to the State, the proof shows that Appellant, the victim's father, ordered the victim to perform fellatio during March or April of 2010 when the victim was twelve years of age. At the time, Appellant was sitting on the couch with his underwear around his ankles and a blanket on his lap. The victim's grandmother was in the kitchen preparing dinner. On another occasion, occurring within a few months of the fellatio incident, Appellant was sleeping on a mattress in the living room with the victim. Appellant awakened the victim, removed her underwear and shorts, and ordered her to slide up and down on his penis to the point of ejaculation. The jury heard all

the testimony and resolved any conflicts or inconsistencies in favor of the State, a role within their province. Appellant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.


_____
JERRY L. SMITH, JUDGE